## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **GARY GOULD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 11-CV-699-WDS** |
| | ) | |
| **CLAIMASSIST,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

In this action, plaintiff Gary Gould alleges that defendant ClaimAssist, LLC violated the Fair Debt Collection Practices Act by sending him a demand letter without a notice of debt, which the Act requires. *See* 15 U.S.C. § 1692g(a). Now before the Court is defendant's motion to dismiss or, in the alternative, for summary judgment (Docs. 17 & 18), and plaintiff's response (Doc. 31).

On a motion to dismiss, if matters outside the pleadings are presented and not excluded by the court, the motion must be treated as one for summary judgment. Fed. R. Civ. P. 12(d). "All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." *Id.* Here, defendant's motion is labeled as an alternative motion for summary judgment, which gave plaintiff a reasonable opportunity to present material pertinent to it. *See Miller v. Herman*, 600 F.3d 726, 733 (7th Cir. 2010). And plaintiff did in fact treat it as an alternative motion for summary judgment by, among other things, including an affidavit (Doc. 31, Ex. 1). Thus the Court will treat defendant's motion as one for summary judgment and consider the matters outside the pleadings presented by the parties.

# I. Background

Plaintiff Gary Gould received medical treatment at Southern Illinois Hospital Services (the "Hospital") and incurred a debt of $3,453. He alleges the debt was transferred to defendant ClaimAssist, LLC for collection.

Defendant sent plaintiff a letter, which he attached to the original complaint. Toward the top, the letter says, "Balance Due: $3,453.00." The body of the letter says:

> ClaimAssist has partnered with Southern Illinois Healthcare [*sic*] to process this medical bill.
>
> As you may know, the paperwork associated with healthcare claims can be complex. ClaimAssist will work on your behalf in resolving this matter. Kindly complete the attached **Accident Information Form** and return in the envelope provided. You may also consider completing the form by using our website:
>
> http://www.ccsusa.com/claimassist/accidentform/
>
> Once we receive this information, we will prepare your claim and submit the required paperwork to your insurance company.
>
> If you have an attorney working on this claim, please send us their name, address, and telephone number. We will contact them to discuss the proper handling of this account.
>
> If you have any questions, or need more information, please feel free to contact me at the telephone number listed below. Thank you in advance for your prompt attention to this matter.

(Doc. 2, Ex. A).[1] The letter is signed by an "Insurance Recovery Analyst." A box of text in the lower right says "IMPORTANT Questionnaire Attached." And a two-page questionnaire, the "Motor Vehicle Accident Information Form," is attached.

Plaintiff alleges that defendant violated the Fair Debt Collection Practices Act by not sending certain notice requirements within five days of the letter above. *See* 15 U.S.C. § 1692g(a); *McKinney v. Cadleway Props., Inc.*, 548 F.3d 496, 502 (7th Cir. 2008). (For in-

---

[1] Plaintiff later amended the complaint to name "ClaimAssist" as the proper defendant (Doc. 16). The amended complaint refers to the letter attached to the original complaint as "Exhibit A" (*id.*, ¶ 8).

stance, § 1692g(a)(3) requires written notice that the debt collector will assume the debt is valid unless the consumer disputes the debt within 30 days.) Plaintiff seeks to recover damages for his anger, anxiety, emotional distress, and frustration. He also seeks statutory damages of $1,000 under § 1692k(a)(2)(A) for each violation of the Act.[2]

Defendant includes with its motion for summary judgment an affidavit from the associate general counsel for the Hospital, John Daly (Doc. 18, Ex. A). Daly explains the Hospital's billing procedures as follows: When the Hospital completes medical procedures for a patient, it first bills any third-party payors, such as private insurance companies and government insurance programs. Defendant specifically helps the Hospital process the third-party-payor claims that arise from motor-vehicle and work-related accidents. Then, when all claims have been processed by third-party payors, if a balance is still owed, the Hospital will bill the patient through a medical billing company. And at that point, if the patient does not pay, the Hospital may send the account to a collection agency. The Hospital uses a different company for collections, not defendant.

Daly says the Hospital had treated plaintiff for injuries he may have sustained in a car accident. It therefore referred his account to defendant to process any third-party-payor claims. Daly notes that the debt for plaintiff's medical services, however, was still owed to the Hospital; it did not transfer or assign the debt to defendant. So, the Hospital was still processing third-party-payor claims and had not yet referred plaintiff's account to its medical billing company for billing. Nor, of course, was plaintiff's account in default yet; the Hospital had not referred it to a collection agency either.

The senior vice president of operations for defendant, Bruce Shapiro, explains that defendant's business is processing injury-related claims for healthcare providers (Doc. 18, Ex. B). Defendant does not offer services to collect consumer debt. It does not receive accounts,

---

[2] The Act permits recovery for "any actual damage" sustained by a plaintiff as a result of the violation, "such additional damages as the court may allow, but not exceeding $1,000," and reasonable costs and attorney's fees. 15 U.S.C. § 1692k(a)(1)–(3); *Clomon v. Jackson*, 988 F.2d 1314, 1322 (2d Cir. 1993).

bills, or other indebtedness, by assignment or otherwise, to collect monies due; it does not buy accounts, bills, or other indebtedness with recourse and collect on them; it does not receive money owed on a consumer debt from debtors. Moreover, he adds, defendant was not attempting to collect a debt from plaintiff here. Shapiro attests that defendant "has not received by assignment or otherwise the consumer debt owed by [plaintiff] to [the Hospital]" (Doc. 18, Ex. B, ¶ 13). Defendant's letter was asking plaintiff to complete the Accident Information Form so defendant could submit plaintiff's claim to his insurance company or to the insurer of the party responsible for expenses related to plaintiff's injuries.

## II. DISCUSSION

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *accord Int'l Union v. ZF Boge Elastmetall LLC*, 649 F.3d 641, 646 (7th Cir. 2011); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

In response to a motion for summary judgment, the nonmoving party "'must do more than raise some metaphysical doubt as to the material facts; [it] must come forward with specific facts showing that there is some genuine issue for trial.'" *Argyropoulos v. City of Alton*, 539 F.3d 724, 732 (7th Cir. 2008) (quoting *Keri v. Bd. of Trs. of Purdue Univ.*, 458 F.3d 620, 628 (7th Cir. 2006)). A genuine issue for trial exists "only if sufficient evidence favoring the nonmoving party exists to permit a jury to return a verdict for that party." *Argyropoulos*, 539 F.3d at 732 (quoting *Sides v. City of Champaign*, 496 F.3d 820, 826 (7th Cir. 2007)); *Brewer v. Bd. of Trs. of the Univ. of Ill.*, 479 F.3d 908, 915 (7th Cir. 2007).

In deciding the motion, the court must construe all facts and reasonable inferences in favor of the nonmoving party. *Timmons v. Gen. Motors Corp.*, 469 F.3d 1122, 1125 (7th Cir. 2006). Reasonable inferences do not include those "supported only by speculation or conjecture." *Fischer v. Avanade, Inc.*, 519 F.3d 393, 401 (7th Cir. 2008). The court may not make

credibility determinations or weigh conflicting evidence. *McCann v. Iroquois Mem'l Hosp.*, 622 F.3d 745, 752 (7th Cir. 2010).

## III. ANALYSIS

### A. Not a debt collector

Defendant first argues that it is not a "debt collector" as defined by the Fair Debt Collection Practices Act. The Act only applies to debt collectors. *See Neff v. Capital Acquisitions & Mgmt. Co.*, 352 F.3d 1118, 1121 (7th Cir. 2003); *Gburek v. Litton Loan Serv. LP*, 614 F.3d 380, 384 (7th Cir. 2010). A "'debt collector' means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Thus the original creditor is not a debt collector; a debt collector is someone who collect debts on behalf of another. *Carter v. AMC, LLC*, 645 F.3d 840, 843 (7th Cir. 2011); *Ruth v. Triumph P'ships*, 577 F.3d 790, 796 (7th Cir. 2009).

Here, plaintiff cites the definitions of "debt," "debt collector," and "communication" under the Act. He says "pursuant to the definitions provided by the Act, [defendant] is a debt collector, who sent communication to [plaintiff] that did not include the required language of Section 1692(g)" (Doc. 31, p. 4). Yet he does not rebut Daly and Shapiro's testimony that defendant helps the Hospital and other healthcare providers process third-party-payor claims. Plaintiff presents no evidence that defendant is a "business the principal purpose of which is the collection of any debts, or who regularly collects … debts owed or due … another." § 1692a(6). Further, Daly specifically says the debt for plaintiff's medical services was still owed to the Hospital when it referred plaintiff's account to defendant. The Hospital did not transfer or assign it to defendant. Shapiro agrees: Defendant never received plaintiff's debt to the Hospital by assignment or otherwise. Thus there is no evidence that defendant ever ob-

tained plaintiff's debt from the Hospital or that it otherwise acquired "authority to collect the money on behalf of another." *Carter*, 645 F.3d at 844. That is reason enough to grant defendant's motion for summary judgment.

Indeed, without *some* factual support behind plaintiff's claim that defendant is a debt collector, plaintiff has not stated a claim that is plausible on its face. Dismissal under Rule 12(b)(6) would have been proper as well. *See Bilal v. Chase Manhattan Mortg. Corp.*, No. 05 C 7120, 2006 WL 1650008, at *3 (N.D. Ill. June 13, 2006) (failure to state a claim where the plaintiff asserted the defendants were debt collectors without "any factual basis"); *Jeffries v. Wells Fargo Bank, N.A.*, No. 10-cv-5889, 2011 WL 5023396, at *5 (N.D. Ill. Oct. 19, 2011) (failure to state a claim where the plaintiff's allegation that "all defendants are debt collectors" was conclusory); *see also Gburek*, 614 F.3d at 384 (describing as a "threshold" criterion that the defendant must qualify as a "debt collector").

Even if defendant were in the business of collecting debts and did obtain plaintiff's debt for collection from the Hospital, Daly says plaintiff's account was not in default. The Hospital had not even referred plaintiff's debt to the medical billing company for billing. The definition of a debt collector in the Act excludes "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity … concerns a debt which was *not in default* at the time it was obtained by such person." § 1692a(6)(F)(iii) (emphasis added); *accord Carter*, 645 F.3d at 843; *Ruth*, 577 F.3d at 797 ("Where … the party seeking to collect a debt did not originate it but instead acquired it from another party, we have held that the party's status under [the Act] turns on whether the debt was in default at the time it was acquired."). Plaintiff describes his account balance as "outstanding" (Doc. 31, Ex. A), but that only means it was not yet paid. He does not allege or offer any specific facts to show that the debt was in default. Since the debt was not in default, the Act does not apply to defendant's letter. § 1692a(6)(F)(iii); *Carter*, 645 F.3d at 843–44; *Bailey v. Sec. Nat'l Serv. Co.*, 154 F.3d 384, 388 (7th Cir. 1998). The Court therefore **FINDS**

there is no genuine dispute as to the material fact that plaintiff's debt was not in default. Defendant is entitled to summary judgment for this reason as well.

## B. Communication in connection with the collection of any debt

Defendant also believes it is entitled to summary judgment because its letter was not an attempt to collect a debt from plaintiff. Plaintiff responds that he did, nevertheless, *interpret* the letter to be an attempt to collect his outstanding balance. Moreover, he argues, he had never indicated to the Hospital he had insurance coverage or that he needed help processing the medical bill. He contends that defendant's letter is a "sophisticated attempt to collect a debt" and asks why else the letter would include the balance due, how defendant knew plaintiff had any applicable insurance, how defendant knew plaintiff needed help filing an insurance claim, and why defendant asked whether plaintiff had an attorney.

To sustain a lawsuit for a debt collector's failure to include notice requirements with its initial communication, a plaintiff must show that the communication was "in connection with the collection of any debt." 15 U.S.C. § 1692g(a). In *Gburek v. Litton Loan Servicing*, the Seventh Circuit observed that "[n]either this circuit nor any other has established a bright-line rule for determining whether a communication from a debt collector was made in connection with the collection of any debt." 614 F.3d 380, 384 (7th Cir. 2010). It reviewed previous decisions on this issue and concluded that "the absence of a demand for payment is just one of several factors that come into play in the commonsense inquiry of whether a communication from a debt collector is made in connection with the collection of any debt." *Id.* at 385. The "nature of the parties' relationship" and the "purpose and context of the communications" are also important factors. *Id.* Further, the purpose and context of the communications must be viewed objectively. *Id.* (citing *Ruth v. Triumph P'ships*, 577 F.3d 790, 798 (7th Cir. 2009)).

Regarding the nature of the parties' relationship, in *Gburek* the debtor was in default on her mortgage loan. 614 F.3d at 386. In *Ruth v. Triumph Partnerships*, "[t]he only relation-

ship" between the debtor and the debt collectors arose out the debtors' defaulted debt. 577 F.3d at 799. In both those cases, the parties' relationship supported the conclusion that the communications were in connection with the collection of a debt. *See Gburek*, 614 F.3d at 385–86. In *Bailey v. Security National Servicing Corp.*, on the other hand, although the debtors had defaulted on their original mortgage, they were operating under a superseding forbearance agreement and had not missed any payments. 154 F.3d 384, 388 (7th Cir. 1998); *see Gburek*, 614 F.3d at 385. The court found that the defendant's letters were not communications under the Act. *Bailey*, 154 F.3d at 388–89.

Regarding the purpose and context of the communications, in *Bailey* the letter at issue informed the debtors about the status of their account, without a demand for payment. It also listed future due dates and warned the debtors about the consequences of failing to pay on time. Given those facts, the court held the letter was not a communication in connection with the collection of any debt. 154 F.3d at 388–89. In *Gburek*, the debtor was in default, and the first debt collector's letter to her offered to discuss foreclosure alternatives and requested financial information to initiate that process. 614 F.3d at 386. The court held that an offer to discuss repayment options even without an explicit demand for payment was sufficient to qualify as a communication in connection with an attempt to collect a debt. *Id.* A second letter from a third party was also found to be a communication under the Act. That letter said the third party was not authorized to accept any payment from the debtor. It explained that the third party had been hired by the debt collector to collect financial information from the debtor. It asked the debtor to provide financial information and to submit it to the debt collector. The court therefore found that the purpose of the letter was to *induce* the debtor to contact the debt collector to discuss debt-settlement options. *Id.* at 386. That the letter was sent by the third party did not matter because it was sent on the debt collector's behalf.

Here, the nature of the parties' relationship is relevant, and plaintiff's debt was not in default. In that respect, plaintiff is like the debtors in *Bailey*, who were operating under a su-

8

perseding forbearance agreement and had not missed any payments. *See Gburek*, 614 F.3d at 386. This supports a conclusion that defendant's letter was not a communication in connection with the collection of any debt.

Regarding the purpose and context of the communications, plaintiff's argument is largely based on how he interpreted defendant's letter. But the Court must evaluate the letter using an objective standard. *Ruth*, 577 F.3d at 798–99. There is no demand for payment. The letter states the balance due, but according to *Bailey* a letter can state the debtor's account status, which would include the balance due. And the letter in *Bailey* went further by warning the debtors about the consequences of failing to pay on time. The letter here says processing healthcare claims can be complex and includes an Accident Information Form, with a return envelope for plaintiff to provide information about his vehicle and health insurance, the other vehicle involved, and his attorney. It offers a web page for plaintiff to provide the same information. A text box further calls attention to the Accident Information Form ("IMPORTANT Questionnaire Attached"). Defendant offers to prepare plaintiff's claim and submit it to his insurance company. And the letter is signed by an insurance recovery analyst. In summary, every indication is that the letter is collecting information to process third-party-payor claims. The Court does **NOT FIND** plaintiff's interpretation of the letter to be reasonable. *See Williams v. OSI Educ. Servs., Inc.*, 505 F.3d 675, 679 (7th Cir. 2007) (rejecting "strained reading" of a letter).

The fact that defendant sent the letter on behalf of the Hospital bears some similarity to the second letter in *Gburek*. That letter was sent by a third party on behalf of the debt collector to request the debtor's financial information; this letter was sent by a third party (defendant) on behalf of the Hospital to request plaintiff's insurance information. But this letter does not offer to discuss repayment options on a defaulted debt. The purpose here was not to induce plaintiff to contact the Hospital to discuss debt-settlement options.

Plaintiff asks why defendant's letter wants his attorney's information if it is not a

communication in connection with the collection of a debt. But, as Daly explains, the Hospital believed plaintiff had been in a car accident. It would be natural to contact a patient's attorney in that situation in case another motorist is liable for the damages. Otherwise, plaintiff's rhetorical questions are not persuasive. In response to defendant's motion, plaintiff needs to have done more than try to raise some metaphysical doubt as to the material facts. He needed to come forward with specific facts showing there was some genuine issue for trial. He has not. A reasonable trier of fact would not believe this letter was a communication in connection with the collection of any debt. The Court **FINDS** there is no genuine dispute as to any material fact on this issue, and defendant is entitled to judgment as a matter of law.

## IV. CONCLUSION

As explained above, the Court has decided to treat defendant ClaimAssist, LLC's motion as a motion for summary judgment. Plaintiff has not established essential elements of his case, and therefore defendant's motion (Docs. 17 & 18) is **GRANTED**. Defendant is entitled to judgment as a matter of law, and this case is dismissed with prejudice. The Clerk is **DIRECTED** to close this case.

**IT IS SO ORDERED.**

**DATED: <u>June 27, 2012</u>**

<u> /s/ WILLIAM D. STIEHL</u>
**DISTRICT JUDGE**